Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAISHA DECORSE, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED HEALTHCARE SERVICES, INC., a Minnesota corporation; and DOES 1-10, inclusive,<br><br>    Defendant. | CASE NO. 2:20-cv-05422 DOC(KESx)<br>*Judge: Hon. David O. Carter*<br>*Magistrate Judge: Hon. Karen E. Scott*<br><br>**QUALIFIED PROTECTIVE ORDER**<br><br>First Amended Complaint Filed: July 10, 2020<br><br>[Discovery Document: Referred to Magistrate Judge Karen E. Scott] |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Health Insurance Portability and Accountability Act of 1996, the Confidentiality of Medical Information Act and for good cause, the Court issues this Qualified Protective Order. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

**IT IS ORDERED THAT:**

**1.    Good Cause Statement and Scope of Protection**

This action is likely to involve confidential, private and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential, private,

and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, other commercially competitive information, protected health information including details regarding medical treatment and health information, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

    This Protective Order shall govern any record of information produced in this action and designated pursuant to this Protective Order, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated deposition exhibits, interrogatory answers, admissions, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal methods of discovery.

    This Protective Order shall also govern any designated record of information produced in this action pursuant to required disclosures under the rules of the Court and any supplementary disclosures thereto.

This Protective Order shall apply to the parties and to any nonparty from whom discovery may be sought who desires the protection of this Protective Order.

**2.     Definitions**

The term Confidential Information shall mean confidential or proprietary technical, scientific, financial, business, health, or medical information designated as "CONFIDENTIAL" by the producing party.

The term Confidential Health Information shall constitute a subset of Confidential Information, and shall be designated as "CONFIDENTIAL" and subject to all other terms and conditions governing the treatment of Confidential Information. Confidential Health Information shall mean information supplied in any form, or any portion thereof, that identifies an individual or subscriber in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual or subscriber, the provision of health care to such individual or subscriber, or the past, present, or future payment for the provision of health care to such individual or subscriber. Confidential Health Information shall include, but is not limited to, claim data, claim forms, grievances, appeals, or other documents or records that contain any patient health information required to be kept confidential under any state or federal law, including 45 C.F.R. Parts 160 and 164 promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 (*see* 45 C.F.R. §§ 164.501 & 160.103), and the following subscriber, patient, or member identifiers:

    a.    names;

    b.    all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;

    c.    all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age, and date of death;

1       d.      telephone numbers;
2       e.      fax numbers;
3       f.      electronic mail addresses;
4       g.      social security numbers;
5       h.      medical record numbers;
6       i.      health plan beneficiary numbers;
7       j.      account numbers;
8       k.      certificate/license numbers;
9       l.      vehicle identifiers and serial numbers, including license plate numbers;
10       m.      device identifiers and serial numbers;
11       n.      web universal resource locators ("URLs");
12       o.      internet protocol ("IP") address numbers;
13       p.      biometric identifiers, including finger and voice prints;
14       q.      full face photographic images and any comparable images; and/or
15       r.      any other unique identifying number, characteristic, or code.

16       The term Highly Confidential – Attorneys' Eyes Only means extremely sensitive Confidential Information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the producing party and disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. The designation HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY may be used only for the following types of past, current, or future confidential information: (1) sensitive technical information, including current research, development and manufacturing information and patent prosecution information, (2) sensitive business information, including highly sensitive financial or marketing information and the identity of suppliers, distributors and potential or actual customers, (3) competitive technical information, including technical analyses or comparisons of competitor's products, (4) competitive business information, including non-public financial or marketing

1 analyses or comparisons of competitor's products and strategic product planning, or
2 (5) any other protected information the disclosure of which to non-qualified people
3 subject to this Standard Protective Order the producing party reasonably and in good
4 faith believes would likely cause harm.

5 The term Non-Party means any natural person, partnership, corporation,
6 association, or other legal entity not named as a Party to this action.

7 The term Party means any party to this action, including all of its officers,
8 directors, employees, consultants, retained experts, and Outside Counsel of Record
9 (and their support staffs).

10 The term Technical Advisor shall refer to any person who is not a party to this
11 action or not presently employed by the receiving party or a company affiliated
12 through common ownership, who has been designated by the receiving party to
13 receive another party's Confidential Information, including Confidential Health
14 Information. Each party's Technical Advisors shall be limited to such person as, in
15 the judgment of that party's counsel, are reasonably necessary for development and
16 presentation of that party's case. These persons include outside experts or
17 consultants retained to provide technical or other expert services such as expert
18 testimony or otherwise assist in trial preparation.

19 **3. Designation of Information**

20 Documents and things produced or furnished during the course of this action
21 shall be designated as containing Confidential Information, including Confidential
22 Health Information, by placing on each page, each document (whether in paper or
23 electronic form), or each thing a legend substantially as follows:

24 CONFIDENTIAL

25 Documents and things produced or furnished during the course of this action
26 containing Confidential Information, which the producing party considers to be
27 Highly Confidential – Attorneys' Eyes Only shall be designated as such by placing

28

on each page, each document (whether in paper or electronic form), or each thing a legend substantially as follows:

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

A party may designate information disclosed at a deposition as Confidential Information or Highly Confidential – Attorneys' Eyes Only by requesting the reporter to so designate the transcript at the time of the deposition.

A producing party shall designate its discovery responses, responses to requests for admission, briefs, memoranda and all other papers sent to the Court or to opposing counsel as Confidential Information or Highly Confidential – Attorneys' Eyes Only when such papers are served or sent.

A party shall designate information disclosed at a hearing or trial as Confidential Information or Highly Confidential – Attorneys' Eyes Only by requesting the Arbitration Panel, at the time the information is proffered or adduced, to receive the information only in the presence of those persons designated to receive such information and Court personnel, and to designate the transcript appropriately.

The parties will use reasonable care to avoid designating any documents or information as Confidential Information or Highly Confidential – Attorneys' Eyes Only that is not entitled to such designation or which is generally available to the public. Where applicable, the parties shall designate only that part of a document or deposition that is Confidential Information or Highly Confidential – Attorneys' Eyes Only, rather than the entire document or deposition.

**4.     Disclosure and Use of Confidential Information**

Information that has been designated Confidential shall be disclosed by the receiving party only to Qualified Recipients. All Qualified Recipients, excluding the Court and its support personnel, shall hold such information received from the disclosing party in confidence, shall use the information only for purposes of this action and for no other action, and shall not use it for any business or other commercial purpose, and shall not use it for filing or prosecuting any patent

1 application (of any type) or patent reissue or reexamination request, and shall not
2 disclose it to any person, except as hereinafter provided. All Qualified Recipients,
3 excluding the Court and its support personnel, shall carefully maintain all
4 information that has been designated Confidential so as to preclude access by
5 persons who are not qualified to receive such information under the terms of this
6 Order.

7 In the event that any receiving party's briefs, memoranda, discovery requests,
8 requests for admission or other papers of any kind which are served or filed shall
9 include another party's Confidential Information, the papers shall be appropriately
10 designated and shall be treated accordingly by all Qualified Recipients, excluding
11 the Court and its support personnel.

12 All documents, including attorney notes and abstracts, which contain another
13 party's Confidential Information, shall be handled as if they were designated
14 pursuant to paragraph 3 by all Qualified Recipients, excluding the Court and its
15 support personnel.

16 A Party that seeks to file under seal any document, paper, or transcript with
17 Confidential information must comply with Civil Local Rule 79-5. Documents,
18 papers, and transcripts with Confidential information may only be filed under seal
19 pursuant to a court order authorizing their sealing. If a Party's request to file any
20 document, paper, or transcript with Confidential information under seal is denied by
21 the Court, then the receiving party may file the information in the public record
22 unless otherwise instructed by the Court.

23 **5. Qualified Recipients**

24 For purposes of this Order, the term Qualified Recipient with respect to
25 disclosure of Confidential Information, not including information designated as
26 Highly Confidential – Attorneys' Eyes Only, means:
27     a. Outside counsel of record for any party in this action, as well as
28         employees of such counsel (excluding experts and investigators)

**Gordon & Rees LLP**
**633 West Fifth Street, 52nd Floor**
**Los Angeles, CA 90071**

        assigned to and necessary to assist such counsel in the preparation and trial of this action;

b.    Representatives, officers, or employees of a party as necessary to assist outside counsel in the preparation and trial of this action;

c.    Witnesses who testify by deposition or at trial who, if not a representative, officer, or employee of a party, shall be advised about the terms of this Order and that such Order is applicable to them in connection with their testimony and do not retain copies of Confidential Information;

d.    Persons who were authors or recipients of the Confidential Information or previously had legal access to Confidential Information;

e.    Technical Advisors, expert witnesses, or consultants engaged by a party to assist with the preparation and trial of this action provided such expert or consultant agrees in writing, in the form attached at Appendix A, to be bound by the terms of this Order;

f.    Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the parties, and his or her staff, provided that such individuals agree in writing, in the form attached at Appendix A, to be bound by the terms of this Order;

g.    Stenographers and videographers engaged to transcribe or record depositions conducted in this action provided that such individuals agree in writing, in the form attached at Appendix A, to be bound by the terms of this Order; and

h.    the Court and its support personnel

**6.    Disclosure and Use of Confidential Information designated as Highly Confidential – Attorneys' Eyes Only**

Information that has been designated Highly Confidential – Attorneys' Eyes Only shall be disclosed by the receiving party only to Qualified Recipients. All

Qualified Recipients, excluding the Court and its support personnel, shall hold such information received from the disclosing party in confidence, shall use the information only for purposes of this action and for no other action, and shall not use it for any business or other commercial purpose, and shall not use it for filing or prosecuting any patent application (of any type) or patent reissue or reexamination request, and shall not disclose it to any person, except as hereinafter provided. All Qualified Recipients, excluding the Court and its support personnel, shall carefully maintain all information that has been designated Highly Confidential – Attorneys' Eyes Only to preclude access by persons who are not qualified to receive such information under the terms of this Order.

In the event that any receiving party's briefs, memoranda, discovery requests, requests for admission or other papers of any kind, which are served or filed, shall include another party's Confidential Information that is Highly Confidential – Attorneys' Eyes Only, the papers shall be appropriately designated and shall be treated accordingly by all Qualified Recipients, excluding the Court and its support personnel.

All documents, including attorney notes and abstracts, which contain another party's Confidential Information that is Highly Confidential – Attorneys' Eyes Only, shall be handled as if they were designated pursuant to paragraph 3 by all Qualified Recipients, excluding the Court and its support personnel.

A Party that seeks to file under seal any document, paper, or transcript with Highly Confidential – Attorneys' Eyes Only information must comply with Civil Local Rule 79-5. Documents, papers, and transcripts with Highly Confidential – Attorneys' Eyes Only information may only be filed under seal pursuant to a court order authorizing their sealing. If a Party's request to file any document, paper, or transcript with Highly Confidential – Attorneys' Eyes Only under seal is denied by the Court, then the receiving party may file the information in the public record unless otherwise instructed by the Court.

**7. Qualified Recipients**

For purposes of this Order, the term Qualified Recipient with respect to information designated as Highly Confidential – Attorneys' Eyes Only means:

a. Outside counsel of record for any party in this action, as well as employees of such counsel (excluding experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of this action;

b. Representatives, officers, or employees of a party as necessary to assist outside counsel in the preparation and trial of this action;

c. Persons who were authors or recipients of the Confidential Information or previously had legal access to Confidential Information;

d. Technical Advisors, expert witnesses, or consultants engaged by a party to assist with the preparation and trial of this action provided such expert or consultant agrees in writing, in the form attached at Appendix A, to be bound by the terms of this Order;

e. Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the parties, and his or her staff, provided that such individuals agree in writing, in the form attached at Appendix A, to be bound by the terms of this Order;

f. Stenographers and videographers engaged to transcribe or record depositions conducted in this action provided that such individuals agree in writing, in the form attached at Appendix A, to be bound by the terms of this Order; and

The Court and its support personnel.

**8. Nonparties**

Any nonparty who produces documents or other information in response to discovery requests or subpoenas in this litigation shall be entitled to the benefits and protections of this Order and shall be entitled to seek additional protections.

The parties agree that they will treat Confidential Information or Highly Confidential – Attorneys' Eyes Only information produced by nonparties according to the terms of this Order.

Nonparties may challenge the confidentiality of Confidential Information or Highly Confidential – Attorneys' Eyes Only information by filing a motion to intervene and a motion to de-designate.

### 9. Inadvertent Failure to Designate

In the event that a producing party inadvertently fails to designate any of its information pursuant to paragraph 3, it may later designate by notifying the receiving parties in writing. The receiving parties shall take reasonable steps to see that the information is thereafter treated in accordance with the designation.

It shall be understood however, that no person or party shall incur any liability hereunder with respect to disclosure that occurred prior to receipt of written notice of a belated designation.

### 10. Inadvertent Disclosure

In the event of an inadvertent disclosure of another party's Confidential Information, including information designated as Highly Confidential – Attorneys' Eyes Only, to a non-Qualified Recipient, the party making the inadvertent disclosure shall promptly upon learning of the disclosure: (i) notify the person to whom the disclosure was made that it contains Confidential Information subject to this Order; (ii) make all reasonable efforts to preclude dissemination or use of the Confidential Information by the person to whom disclosure was inadvertently made including, but not limited to, obtaining all copies of such materials from the non-Qualified Recipient; and (iii) notify the producing party of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against the dissemination or use of the information.

### 11. Challenge to Designation

Any Party or Non-Party may challenge a designation of confidentiality at any

time that is consistent with the Court's Scheduling Order. The challenging party shall initiate the challenge of any designation under Local Rule 37.1 *et seq.* or follow the procedures for informal, telephonic discovery hearings on the Court's website.

The burden of persuasion in any such challenge proceeding shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. Unless the designating party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the producing party's designation until the Court rules on the challenge.

### 12. Conclusion of Action

At the conclusion of this action, including through all appeals, each party or other person subject to the terms hereof, excluding the Court and its support personnel, shall be under an obligation to destroy or return to the producing party all materials and documents containing Confidential Information and to certify to the producing party such destruction or return. Such return or destruction shall not relieve said parties or persons from any of the continuing obligations imposed upon them by this Order.

The provisions of this paragraph shall not be binding on the United States, any insurance company, or any other party to the extent that such provisions conflict with applicable Federal or State law. The Department of Justice, any insurance company, or any other party shall notify the producing party in writing of any such conflict it identifies in connection with a particular matter so that such matter can be resolved either by the parties, by the Court, or by a court of law.

### 13. Modification of Protective Order

Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

/ / /

-12-
QUALIFIED PROTECTIVE ORDER

### 14. Confidentiality of Party's Own Documents

Nothing herein shall affect the right of the designating party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the designating party the information becomes public knowledge. Similarly, the Protective Order shall not preclude a party from showing its own information, including its own information that is filed under seal by a party, to its officers, directors, employees, attorneys, consultants or experts, or to any other person.

### 15. Compulsory Disclosure to Third Parties

If any receiving party is subpoenaed in another action or proceeding or served with a document or testimony demand or a court order, and such subpoena or demand or court order seeks Confidential Information, including Highly Confidential – Attorneys' Eyes Only information of a producing party, the receiving party shall give prompt written notice to counsel for the producing party and allow the producing party an opportunity to oppose such subpoena or demand or court order prior to the deadline for complying with the subpoena or demand or court order. No compulsory disclosure to third parties of information or material exchanged under this Order shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.

///
///
///
///
///
///
///

**16. Binding Effect**

This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

**IT IS SO ORDERED.**

Dated: November 12, 2020 _____
Hon. Karen E. Scott
Magistrate Judge
U.S.D.C Central District of California

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAISHA DECORSE, an individual,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>UNITED HEALTHCARE SERVICES, INC., a Minnesota corporation; and DOES 1-10, inclusive,<br><br>　　　　Defendant. | CASE NO. 2:20-cv-05422 DOC(KESx)<br><br>*Judge: Hon. David O. Carter*<br>*Magistrate Judge: Hon. Karen E. Scott*<br><br>**APPENDIX A – PROTECTIVE ORDER UNDERTAKING**<br><br>First Amended Complaint Filed: July 10, 2020 |

## **PROTECTIVE ORDER UNDERTAKING**

I, _____, declare that:

1.　My address is _____. My current employer is _____. My current occupation is _____.

2.　I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3.　I will comply with all of the provisions of the Protective Order and agree to be bound by the Protective Order. I will hold in confidence, will not disclose

-15-
QUALIFIED PROTECTIVE ORDER

to anyone not qualified under the Protective Order, and will use only for purposes of this action any Confidential Information or information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" that is disclosed to me.

4. Promptly upon termination of the relevant action, I will either return in full to the outside counsel for the party by whom I am employed or completely destroy all documents and things designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" that came into my possession, and all documents and things that I have prepared relating thereto.

5. I understand that the obligations of this undertaking and the provisions of the Protective Order continue past the termination of the action.

6. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____

**Gordon & Rees LLP**
**633 West Fifth Street, 52nd Floor**
**Los Angeles, CA 90071**